IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned February 7, 2012

## JOHN A. BRUBAKER v. H.T. BECKHAM

**Appeal from the Circuit Court for Cheatham County**
**No. 5971     George C. Sexton, Judge**

_____

**No. M2011-02247-COA-R3-CV - Filed February 8, 2012**

_____

This appeal arises out of a dispute over personal property located on land sold at a foreclosure sale. Because the order appealed does not resolve all the claims between the parties, we dismiss the appeal for lack of a final judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

PATRICIA J. COTTRELL, P.J., M.S.; ANDY D. BENNETT AND RICHARD H. DINKINS, JJ.

Jerry Wayne Hamlin, Ashland City, Tennessee, for the appellant, H.T. Beckham.

Rhonda R. Crabtree, Ashland City, Tennessee, for the appellee, John A. Brubaker.

**MEMORANDUM OPINION**[1]

In April of 2009, Bank of America foreclosed on certain real property in Ashland City owned by H.T. Beckham. Bank of America purchased the property at the trustee's sale and subsequently sold the property to John A. Brubaker. A dispute then arose between Mr. Beckham, who still owns property adjoining the foreclosed parcel, and Mr. Brubaker. On January 22, 2010, Mr. Brubaker filed a complaint and application for injunction seeking to enjoin Mr. Beckham from entering the property and requesting a judgment for both damages

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

to the real property and the value of certain personal property removed by Mr. Beckham. On June 18, 2010, the trial court entered an agreed order requiring Mr. Beckham to remove any personal property belonging to him within two weeks and to repair any damage caused by the move. On April 26, 2011, the trial court entered an order enjoining Mr. Beckham from dumping anything on the property and declaring all items remaining on the land to be the sole property of Mr. Brubaker. The order specifically reserved the issue of damages.

On May 25, 2011, Mr. Beckham filed a Motion for a New Trial. On May 27, 2011, Mr. Beckham filed an answer and counter-complaint raising issues concerning the parties' common boundary line and an easement. The counter-complaint requested that the court declare the ownership of the personal property located on the land, enjoin Mr. Brubaker from taking possession of or removing any of the personal property, enjoin Mr. Brubaker from coming upon the real property of Mr. Beckham, and award damages including attorney's fees. On October 4, 2011, the trial court denied the motion for new trial, holding that Mr. Beckham had abandoned his personal property, that the matter was never a boundary line dispute, and that "the pleadings may be amended to reflect the testimony at the hearing in this matter and the previous orders." Mr. Beckham filed his notice of appeal on October 12, 2011.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn.2003); *King v. Spain,* No. M2006-02178-COA-R3-CV, 2007 WL 3202757 at *8 (Tenn. Ct. App. October 31, 2007). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d at 645.

The April 26, 2011 and October 4, 2011 orders do not resolve all the claims raised by the parties. The trial court specifically reserved the issue of damages raised in the original complaint. Moreover, while the findings in the October 4, 2011 order appear to relate to Mr. Beckham's counter-claim, the order merely denies the motion for new trial and does not expressly dismiss the counter-claim. Consequently, on December 2, 2011, this court ordered Mr. Beckham to obtain a final order from the trial court within sixty days or else to show cause why the appeal should not be dismissed. Although more than sixty days have now passed, Mr. Beckham has neither obtained a final judgment nor filed a response to this court's order. Accordingly, the appeal will be dismissed.

The appeal is hereby dismissed without prejudice to the filing of a new appeal once a final judgment has been entered.  The case is remanded to the trial court for further proceedings consistent with this opinion.  The costs of the appeal are taxed to H.T. Beckham and his surety for which execution may issue.


PER CURIAM